JOHNSON, Judge.
This is an appeal from a final decree of divorce and denial of petition for rehearing in the Circuit Court, Duval County. The appellant was granted a divorce, custody of the children, and certain specified sums of money, namely, $950 per month as alimony, and a further sum of $110.00 per month for support of each of said children. In addition thereto, the appellant was awarded an automobile and the parties’ home, furniture and fixtures located in Jacksonville, and certain other provisions relative to medical care and insurance, etc., for the children. The cost of the proceeding and attorney’s fee for the appellant’s attorney in the amount of $7250.00 was charged against the defendant-appellee. The appellant’s primary grievance in the Chancellor’s decree is that the Chancellor failed to give the appellant-plaintiff an equitable interest in certain properties and assets of the defendant-appellee as either lump sum alimony or as an equitable beneficiary owner in the defendant’s estate.
We have made a careful review of the testimony and record in this case and heard argument of counsel for the respective parties and we do not find where the Chancellor abused his discretion in any manner. It is discretionary with the Chan *847 cellor whether to award lump sum alimony or periodic payments.
We think the burden of establishing a special equity in the husband’s property by the wife is upon the wife and the Chancellor has a wide discretion in determining whether or not such burden has been met to the extent that it would be an abuse of discretion to deny the wife such equitable interest in the husband’s property. In the case, sub judice, it appears that the court has awarded ample alimony and support money as well as providing a home for the appellant and the children. The fact that the defendant-husband may have additional wealth is not in the criteria upon which a Chancellor must or should base his determination of proper alimony and support money. In this case, we find no reason to change the Chancellor’s findings and determination, therefore, the order appealed is hereby affirmed.
RAWLS, C. J, and CARROLL, DONALD K, J, concur.